IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01412-PAB-CBS

CHERYL LYNN TALLEY,

    Plaintiff,

v.

ESTATE OF RICHARD M. TALLEY, a Colorado decedent, and
JOHN C. SMILEY, Chapter 7 Trustee of the Bankruptcy Estate of American Title Services Company, a Colorado Company,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on (1) the Motion for Attorney Fees [Docket No. 45] filed by dismissed party Transamerica Life Insurance Company ("Transamerica"); (2) Transamerica's Unopposed Motion for Award of Costs [Docket No. 49]; and (3) the Joint Motion for Disbursement of Funds [Docket No. 54] filed by plaintiff Cheryl Lynn Talley and defendants Estate of Richard M. Talley and John C. Smiley, Chapter 7 Trustee of the Bankruptcy Estate of American Title Services Company (the "trustee") (collectively, the "remaining parties").

This case concerns the proceeds of a life insurance policy issued by Transamerica.  *See* Docket No. 1 at 1, ¶¶ 2-3.  Transamerica initiated this lawsuit on May 19, 2014 by filing a complaint for interpleader to determine the policy's lawful primary beneficiary.  *See generally* Docket No. 1.  On August 31, 2015, the Court found that Transamerica properly invoked interpleader because it reasonably feared exposure

to claims from multiple parties whose interests were adverse to one another. Docket No. 44 at 16. The Court dismissed Transamerica from this lawsuit, realigned the parties, and enjoined the remaining parties from bringing suit against Transamerica related to the funds currently held in the Court registry. *See id.* at 16-19.

Transamerica now requests a total of $11,387.50 in attorney's fees. Docket No. 45 at 4. Transamerica states that the trustee does not oppose its motion, that plaintiff Cheryl Lynn Talley does not take a position on the motion, and that defendant Estate of Richard M. Talley did not respond to Transamerica's attempt to confer prior to filing the motion. *Id.* at 1-2. No party has filed a written objection. Transamerica also seeks $568.89 in costs to be awarded from the funds currently held in the Court registry, which request no party opposes. Docket No. 49 at 3. The remaining parties seek disbursement of all funds in the Court registry related to this action pursuant to the terms of a settlement agreement. *See* Docket No. 54.

I. ANALYSIS

    **A. Attorney's Fees**

The Tenth Circuit has recognized the "'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court." *Transamerica Premier Ins. Co. v. Growney*, 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995) (unpublished) (citing *United States Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975)). Fee awards are within the discretion of the Court, *see id.*, and are "normally awarded to an interpleader plaintiff who (1) is disinterested (*i.e.*, does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full;

(3) deposits the disputed fund in court; and (4) seeks discharge, and who is not in some way culpable as regards the subject matter of the interpleader proceeding." *Id.* (citation, quotation, and alteration marks omitted). Transamerica satisfies all of these conditions. The purpose of this lawsuit was to resolve the competing claims of the remaining parties to a policy that insured the life of Richard M. Talley, who passed away on February 4, 2014. *See* Docket No. 1 at 1, ¶¶ 2-3. Transamerica is disinterested, having conceded its liability for payment of the policy's proceeds and having claimed no interest in any portion of them. *See id.* at 2, ¶ 4 (representing that Transamerica "is prepared and willing to pay the proceeds of the Policy plus any accrued interest owed"). On August 14, 2014, Transamerica deposited the policy's proceeds into the Court registry, *see* Docket No. 25, and it subsequently filed a motion for discharge. *See* Docket No. 31. Finally, there is no indication that Transamerica is culpable in any way for the underlying dispute between the remaining parties. Accordingly, the Court finds that an award of attorney's fees is appropriate.

### 1. Hours Expended

Transamerica seeks a total of $11,387.50 in attorney's fees at an hourly rate of $200 per hour for attorney Tory D. Riter, a partner with "over thirteen years of experience," and $175.00 per hour for attorney William J. Young, an associate with "more than three years of experience." Docket No. 45-2 at 3. Although Transamerica does not separately list the hours worked on this case by each attorney, the Court has reviewed the billing statements that Transamerica attached as an exhibit to its motion, *see* Docket No. 45-3, and determines that Transamerica seeks $6,400 in fees for 32

3

hours worked by Mr. Riter and $4,987.50 for 28.5 hours worked by Mr. Young. *See generally id.*

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987). The requesting party must demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id.* A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id.* "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Id.* at 553. The burden is on the party requesting fees to prove

that its counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

The Court has reviewed the billing statements of Transamerica's attorneys and finds that the hours claimed are reasonable given the nature and complexity of the case.  The record reflects that Transamerica expended substantial resources by, inter alia, filing the complaint in this matter, filing its Motion for Discharge, Injunctive Relief, and Dismissal [Docket No. 31], and responding to discovery requests.  *See, e.g.*, Docket No. 30 at 42-47.  The Court further finds, based on its review of Transamerica's records, that the fees claimed are fees that would ordinarily be billed to a client, reflect a reasonable amount of time spent on each particular task, and do not appear overly duplicative.

### 2. Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy its burden, plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Transamerica has not produced any evidence of fees awarded for similar work. *See generally* Docket No. 45. As Transamerica has not provided adequate evidence in support of the proposed rates, the Court may determine the rate based on its own familiarity with the range of prevailing rates in the Denver market. *See generally Guides, Ltd.*, 295 F.3d at 1079 ("[w]here a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). Interpleader actions being relatively uncommon, evidence of prevailing rates awarded in such actions is sparse. The only recent award of fees to an interpleader plaintiff in a district court within the Tenth Circuit of which the Court is aware occurred in *Unit Petroleum Co. v. Veitch*, 2015 WL 5800338 (N.D. Okla. Oct. 5, 2015). In that case, the court approved a rate of $225 per hour for the work of an "experienced attorney." *Id.* at *7. Other recent hourly rates approved in interpleader actions include $300 per hour for a partner and $250 for an associate in the District of Nevada, *see John Hancock Life Ins. Co. (U.S.A.) v. Jacobs*, 2014 WL 587521, at *3 (D. Nev. Feb. 13, 2014); $282 per hour for an attorney with nine years of experience and $225 per hour for an attorney with less than five years of experience in the District of Maryland, *Metro. Life Ins. Co. v. Jones*, 2015 WL 9480450, at *2-*3 (D. Md. Dec. 29, 2015); and $240 per hour in the Northern District of Iowa for attorneys whose experience levels were not specified. *Hearing v. Minn. Life Ins. Co.*, 33 F. Supp. 3d 1035, 1044 (N.D. Ia. 2014). Based on the above-cited authorities, the Court finds that Transamerica's claimed rates of $200 per hour for Mr. Riter and $175 per hour for Mr. Young are reasonable.

### 3. Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for Transamerica's attorney's fee request is $11,387.50 for 32 hours of Mr. Riter's time at a rate of $200 per hour and 28.5 hours of Mr. Young's time at a rate of $175 per hour.

### 4. Award of Costs

Costs have already been taxed in this action in the amount of $568.89, *see* Docket No. 50, and no party has objected to that figure. The only additional relief that Transamerica seeks in its motion for an award of costs is an order directing that the already-awarded costs be paid out of the funds currently held in the Court registry in connection with this case. *See* Docket No. 49 at 3. As no party objects to such disbursement, the Court will grant Transamerica's request. Adding Transamerica's awarded costs to the attorney's fees granted in this order, the total amount to be disbursed to Transamerica from the Court registry is $11,956.39.

## B.  Disbursement of Funds

The parties state that they have reached a settlement agreement in which they agree to request that the Court disburse $525,000 of the funds held in the Court registry to the trustee and the remaining balance of the funds to Ms. Talley. Docket No. 54 at 2, ¶ 6; *see also* Docket No. 54-1 at 3-4, ¶ 2. The bankruptcy court approved the parties' settlement on December 8, 2015. Bankruptcy Case No. 14-12894-JGR (Docket No. 358). The parties further state that the probate court approved the agreement on December 28, 2015. Docket No. 54 at 2, ¶ 4. The Court, having reviewed the

settlement agreement, will grant the parties' joint motion.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that dismissed party Transamerica Life Insurance Company's Motion for Attorney Fees [Docket No. 45] is **GRANTED**. It is further

**ORDERED** that dismissed party Transamerica Life Insurance Company's Unopposed Motion for Award of Costs [Docket No. 49] is **GRANTED**. It is further

**ORDERED** that the parties' Joint Motion for Disbursement of Funds [Docket No. 54] is **GRANTED**. It is further

**ORDERED** that the Clerk of the Court shall disburse all funds currently held in the Court registry in connection with this case, including all interest accrued, less the registry fee assessment, as follows: $11,956.39 to Transamerica Life Insurance Company, c/o Tory Drew Riter, Baldwin Morgan & Rider, PC, 1512 Larimer St., Suite 450, Denver, CO 80202; $525,000 to defendant John C. Smiley, Chapter 7 Trustee of the Bankruptcy Estate of American Title Services Company, c/o Theodore James Hartl, Lindquist & Vennum, PLLP-Denver, 600 17th St., Suite 1800-S, Denver, CO 80202; and the remaining balance to plaintiff Cheryl Lynn Talley, c/o Lee Moss Kutner, Kutner Brinen Garber, PC, 1660 Lincoln St., Suite 1850, Denver, CO 80264. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED April 15, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge